IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No.  13 B 26550 |
| EXHIBITORS CARPET SERVICE, LLC, | ) | Honorable Jacqueline P. Cox |
| an Illinois Limited Liability Corporation, | ) | |
| | ) | |
| Debtor. | ) | |

**AMENDED INTERIM ORDER AUTHORIZING DEBTOR TO ACCEPT CREDIT BY GRANTING SUPER PRIORITY LIEN ON POST-PETITION RECEIVABLES PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE AND SCHEDULING A FINAL HEARING**

Upon consideration of the motion (the "Motion") of Exhibitors Carpet Service, LLC, (the "Debtor") requesting this Court to enter an order authorizing the Debtor to accept debtor-in-possession credit by granting superpriority lien on post-petition receivables pursuant to section 364 of the Bankruptcy Code and scheduling a final hearing on the Motion (the "Final Hearing"); due and proper notice of the Motion having been given to 12five Capital, LLC ("12five Capital"), First Midwest Bank ("First Midwest"), and all parties entitled thereto; a preliminary hearing having been held on the Motion pursuant to the provisions of Fed. R. Bankr. P. 4001(c)(2); all objections, if any having been withdrawn or resolved or overruled by the Court; and sufficient cause appearing therefor;[1]

**THE DEBTOR HAVING REPRESENTED TO THE COURT THAT:**

A.     On June 28, 2013 (the "Petition Date"), the Debtor commenced in this Court a case under chapter 11 of the Bankruptcy Code (the "Case").  The Debtor is continuing to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

B.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.  Given the Debtor's current financial condition, the Debtor is unable to obtain unsecured credit under ordinary business terms, allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense.

D.  Credit is not otherwise available without the Debtor securing such indebtedness and obligations pursuant to sections 364(c) and 364(d) of the Bankruptcy Code.

E.  Notice of the preliminary hearing and the relief requested in the Motion has been given to: (i) the Office of the United States Trustee, (ii) counsel for First Midwest Bank, (iii) all known holders of liens against the Collateral, (iv) the Debtor's twenty largest creditors, and (v) all other parties having appeared in this Case or having otherwise requested notice pursuant to Bankruptcy Rule 2002.  No official committee of unsecured creditors (the "Committee") has been appointed in the Case.

F.  12five Capital has indicated a willingness to purchase invoices pursuant to the Terms and Rate Agreement to the Debtor subject to (i) the entry of this Order, (ii) the parties entering into a formal agreement, and (iii) findings by the Court that such post-petition credit is essential to the Debtor's estate, that the terms of this Order were negotiated in good faith and at arms' length, and the other protections granted pursuant to this Order will not be affected by any subsequent reversal, modification, vacatur, or amendment of this Order or any other order, as provided in section 364(e) of the Bankruptcy Code.

G.  Based upon the record presented by the Debtor to this Court: (i) the post-petition credit under the terms provided herein has been negotiated in good faith and at arms' length between the Debtor and 12five Capital; and (ii) any credit extended to the Debtor pursuant to this

Order shall be deemed to have been extended, issued or made, as the case may be, in good faith as required by, and within the meaning of, section 364(e) of the Bankruptcy Code.

H.     The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001 (c)(2). The permission granted herein to obtain post-petition credit financing is necessary to avoid immediate and irreparable harm to the Debtor.

Based upon the foregoing findings and conclusions, and upon the record made before this Court at the preliminary hearing, and good and sufficient cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     <u>Motion Granted</u>.  The Motion is hereby granted on an interim basis subject to the terms and conditions set forth in this Order.

2.     <u>Authorization</u>.  The Debtor is authorized to obtain credit from and to grant to 12five Capital a superpriority lien on Debtor's post-petition receivables.

3.     <u>Restrictions on the Debtor</u>.  No claim or lien having a priority superior or *pari passu* with those granted by this Order to 12five Capital upon the Collateral shall be granted by the Debtor while any portion of the Indebtedness remains outstanding without the written consent of 12five Capital.  Except as expressly permitted by this Order or as otherwise provided in orders authorizing the use of First Midwest's cash collateral, the Debtor will not, at any time during the Case, grant security interests or liens on the Collateral or any portion thereof pursuant to section 364(d) of the Bankruptcy Code or otherwise.

4.     <u>Additional Perfection Measures</u>.  Neither the Debtor nor 12five Capital shall be required to file financing statements, notices of lien, or similar instruments in any jurisdiction, or take any other action, to attach or perfect the security interests and liens granted under this Order

(including, without limitation, the taking possession of any of the collateral, or the taking of any action to have security interests or liens noted on certificates of title or similar documents). Notwithstanding the foregoing, the Debtor shall execute and deliver to 12five Capital such financing statements, instruments and other documents as 12five Capital may request from time to time.

5. <u>Survival</u>. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order (a) confirming any plan under chapter 11 of the Bankruptcy Code in the Case (and, to the extent not satisfied in full in cash, the Indebtedness shall not be discharged by the entry of any such order, or pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor having hereby waived such discharge); (b) approving any sale under section 363 of the Bankruptcy Code; (c) converting the Case to a chapter 7 case; or (d) dismissing the Case; and, notwithstanding the entry of any such order, the terms and provisions of this Order shall continue in full force and effect.

6. <u>Subsequent Reversal</u>. If any or all of the provisions of this Order are hereafter modified, vacated, amended, or stayed by subsequent order of this Court or any other court: (a) such modification, vacatur, amendment, or stay shall not affect the validity of any obligation of the Debtor to 12five Capital that is or was incurred prior to 12five Capital receiving written notice of the effective date of such modification, vacatur, amendment, or stay (the "<u>Effective Date</u>"); (b) the Indebtedness pursuant to this Order shall be governed in all respects by the provisions of this Order in effect immediately prior to the Effective Date; and (c) the validity of any credit provided or security interest granted pursuant to this Order are and shall be protected by section 364(e) of the Bankruptcy Code.

7. <u>Effect of Dismissal of Case</u>. If an order dismissing the Case is at any time entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that (a) the DIP Liens granted to and conferred upon 12five Capital and the protections afforded to 12five Capital pursuant to this Order shall continue in full force and effect and shall maintain their priorities as provided in this Order until all Indebtedness shall have been paid and satisfied in full in cash (and that such DIP Liens and other protections shall, notwithstanding such dismissal, remain binding on all interested parties), and (b) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purpose of enforcing the DIP Liens.

8. <u>Subsequent Hearing: Procedure for Objections and Entry of Final Order</u>. The Motion is set for a final hearing before this Court on _____, 2013 at _____ a.m./p.m., at which time any party in interest may present any timely filed objections to the entry of a final order that is in form and substance acceptable to 12five Capital in its sole discretion (the "Final Order"). The Debtor shall promptly serve a notice of entry of this Order and the Final Hearing, together with a copy of this Order, by regular mail upon the parties identified in Paragraph D above. The notice of the entry of this Order and the Final Hearing shall state that objections to the entry of a Final Order on the Motion shall be in writing and shall be filed with the United States Bankruptcy Court for the Northern District of Illinois no later than _____, 2013, which objections shall be served so that the same are received on or before 4:00 p.m. (prevailing Central time) of such date by: (i) Barbara Yong, Golan & Christie LLP, 70 W. Madison, Suite 150, Chicago, Illinois 60602, counsel to the Debtor; (ii) Ryan Jaskiewicz, 200 S. Wacker Drive, Suite 3100, Chicago, IL, 60606, CEO to 12five Capital; (iii) William J. Serritella, Jr., Aronberg, Goldgehn Davis & Garmisa, 330 N. Wabash, Suite 1700, Chicago, Illinois 60611, counsel to First Midwest; (iv) the United States Trustee; and (iv) counsel to the Committee (if appointed).

Any objections by creditors or other parties in interests to any of the provisions of this Order shall be deemed waived unless filed and served in accordance with this paragraph.

9. <u>Objections Overruled or Withdrawn</u>.  All objections, if any, to the entry of this Order have been withdrawn or overruled.

10. <u>Findings of Fact and Conclusions of Law</u>.  This Order constitutes findings of fact and conclusions of law.

11. <u>Controlling Effect of Order</u>.  To the extent any provision of this Order conflicts with any provision of the Motion, the provisions of this Order shall control.

DATED: _____, 2013

                                          UNITED STATES BANKRUPTCY JUDGE

Presented by:

Barbara Yong
Robert R. Benjamin
Golan & Christie LLP
70 W. Madison, Suite 1500
Chicago, Illinois 60602
(312) 263-2300
Attorneys for the Debtor