## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | Case No. 13 B 26550 |
| **EXHIBITORS CARPET SERVICE, LLC,** | ) | Honorable Jacqueline P. Cox |
| an Illinois Limited Liability Corporation, | ) | |
| | ) | Motion Date:  February 4, 2014 |
| Debtor. | ) | Motion Time: 9:30 a.m. |

### NOTICE OF MOTION

TO:    See Attached Service List

PLEASE TAKE NOTICE THAT on February 4, 2014, at the hour of 9:30 a.m., a **FINAL APPLICATION FOR COMPENSATION OF COUNSEL FOR THE DEBTOR** shall be heard by the Honorable Jacqueline P. Cox of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 680 at 219 South Dearborn Street, Chicago, IL 60604. A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

GOLAN & CHRISTIE LLP

### AFFIDAVIT OF SERVICE

I, Robert R. Benjamin, an attorney, certify that the above captioned Notice of Motion and Final Application for Compensation of Counsel for the Debtor were served upon those parties who receive notice via CM/ECF filing and those who receive notice via first class mail with postage pre-paid from 70 W. Madison, Chicago, IL 60602 on January 3, 2014.

/s/*Robert R. Benjamin*
Robert R. Benjamin

GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312)263-2300

# SERVICE LIST

Patrick S. Layng
United States Trustee
219 S. Dearborn, #873
Chicago, IL 60604
Via CM/ECF

Cabot Acquisition, LLC
c/o William Brodzinski, Kristopher Capadona
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Ste. 200
Wheaton, IL 60187
Via CM/ECF

First Midwest Bank
c/o William J. Serritella, Jr., Jillian S. Cole
Aronberg Goldgehn Davis & Garmisa
330 N. Wabash Ave., Ste. 1700
Chicago, IL 60611
Via CM/ECF
Via First Class Mail

Employco USA, Inc.
c/o Eugene J. Geekie, Jr., Elizabeth L. Janczak
Freeborn & Peters LLP
311 S. Wacker Dr., Ste. 3000
Chicago, IL 60606
Via CM/ECF

State of Nevada, on Relation
of Its Department of Taxation
c/o Alycia Hansen
Nevada Attorney General's Office
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Via CM/ECF

Board of Trustees of the Teamsters
Local 631 Joint Trust Funds
c/o Bryce C. Loveland
Brownstein Hyatt Farber Schreck, LLP
100 N. City Pkwy., Ste. 1600
Las Vegas, NV 89106
Via CM/ECF

Western Conference of Teamsters
Pension Trust Fund
c/o Russell J. Reid
Reid Pedersen McCarthy & Ballew LLP
100 W. Harrison St., Ste. 300
North Tower
Seattle, WA 98119
Via First Class Mail

The Norman Glicksberg Declaration of Trust
u/a/d June 17, 1982
c/o Thomas C. Wolford
Neal Gerber & Eisenberg LLP
2 N. LaSalle St.
Chicago, IL 60602
Via CM/ECF

Marion Glicksberg
c/o Samuel L. Stern
Samuel L. Stern PLLC
247 Third Avenue South
Minneapolis, MN 55415-1003
Via First Class Mail

Ricoh USA
Recovery & Bankruptcy Group
3920 Arkwright Rd., Ste. 400
Macon GA 31210
Attn: Sonja D. Hart
Via First Class Mail

David R. Herzog
c/o L. Judson Todhunter
Howard & Howard Attorneys PLLC
200 S. Michigan Ave.
Chicago, IL 60604
Via CM/ECF

Exhibitors Carpet Service, LLC
6112 W. 73rd St., Ste. A
Bedford Park, IL 60638
Attn: Thomas Gilmore
Via First Class Mail

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | **Case No. 13 B 26550** |
| **EXHIBITORS CARPET SERVICE, LLC,** | ) | **Honorable Jacqueline P. Cox** |
| an Illinois Limited Liability Corporation, | ) | |
| | ) | Motion Date:  February 4, 2014 |
| **Debtor.** | ) | Motion Time: 9:30 a.m. |

**FINAL APPLICATION FOR COMPENSATION
OF COUNSEL FOR THE DEBTOR**

The law firm of GOLAN & CHRISTIE LLP ("G&C"), counsel for the Debtor, EXHIBITORS CARPET SERVICE, LLC, an Illinois Limited Liability Corporation ("Debtor"), applies to this Court for an order approving the payment of final fees in the amount $22,604.00 for services rendered from October 15, 2013 to November 7, 2013 and the costs of preparing this fee petition in the amount of $960.00 for a total of $23,564.00 plus expenses in the amount of $49.92 and in support thereof states as follows:

**I. JURISDICTION**

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §157 and §1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b).

**II. GENERAL BACKGROUND**

On June 28, 2013 (the "Petition Date"), Debtor filed a voluntary petition relief under Chapter 11 of the United States Bankruptcy Code.

On July 25, 2013, this Court entered an order allowing the retention of Robert R. Benjamin, Beverly A. Berneman, Barbara L. Yong, Caren A. Lederer and Anthony J. D'Agostino as counsel for the Debtor.

On November 21, 2013, this Court awarded counsel for the Debtor interim compensation of $85,741.50 and cost reimbursement of $3,775.74.

### III. CASE STATUS

Debtor is in the business of carpeting exhibitor space for trade shows and public shows and wholesale and retail sale of carpeting.

Debtor sought protection under Chapter 11 due to a five day notice of termination of tenancy issued by its landlord. Furthermore, the summer months of June, July, and August were the slowest for Debtor's business as there were very few, if any, conventions during these months which resulted in Debtor falling behind in wage claims and rent payments. Debtor reduced its rental spaces and furloughed employees in an attempt to permit it to pay all its current bills as they became due. Unfortunately, the Debtor was unable to formulate a feasible Plan. On November 7, 2013, this Court entered an Order converting the case to a case under Chapter 7.

### IV. DESCRIPTION OF THE APPLICATION FOR COMPENSATION

A.  General Information.  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees. The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary. G&C has provided accurate and detailed records of the services which were made contemporaneously with the services performed. *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category. Much care has been taken to properly categorize the activities to the degree possible. Billing judgment was used to exclude hours which were excessive, redundant or

2

otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); In *re Temple Retirement Community, Inc.*, 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

   B. <u>Billing Entries.</u>  G&C uses computerized time and billing software in the preparation of a fee petition. This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a statement of the effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed.  *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

   C. <u>Hourly Charges.</u> G&C charges all clients, including for non-bankruptcy matters, $480.00 per hour for senior partner services; $480.00 per hour for partner time in court; $400.00 per hour for partner time in office; $275.00 to $325.00 per hour for associate time, $150.00 per hour for travel time and $120.00 per hour for paralegal time.

**V. BANKRUPTCY LOCAL RULE 5081-1 COMPLIANCE**

Bankruptcy Local Rule 5081-1 governs applications for compensation and reimbursements for professional services in cases under Chapter 11. Counsel provides the following discussion in compliance with Bankruptcy Local Rule 5081-1.

3

### A. COVER SHEET
### *[LOCAL RULE 5082-1(A)]*

Counsel filed a cover sheet required by Local Rule 5082-1(A) simultaneously with the filling of this application for compensation.

### B. NARRATIVE SUMMARY
### SUMMARY LIST OF ALL PRINCIPAL ACTIVITIES AND SUMMARY OF TOTAL COMPENSATION REQUESTED IN CONNECTION WITH EACH ACTIVITY
### *[Local Rule 5082-1(B)(1)(a)]*

The summary of all activities is as follows:

| Activity Code | Description of Activity | Invoice Hours | Totals |
|---|---|---:|---:|
| ADM | Administration | 18.30 | 6,728.00 |
| AUTST | Automatic Stay | .50 | 200.00 |
| CLM | Claims | 21.30 | 9,196.00 |
| EXC | Executory Contracts | 4.50 | 1,720.00 |
| FIN | Financing | 1.30 | 560.00 |
| FEE | Fee Petition | 2.00 | 960.00 |
| OBJ | Objection to Claims | .20 | 80.00 |
| PLAN | Plan and Disclosure Statement | 9.40 | 3,880.00 |
| PREF | Preference | .50 | 240.00 |
|  |  |  |  |
| **TOTAL** |  | **58.00** | **$23,564.00** |

### C. NARRATIVE SUMMARY
### SUMMARY OF ALL PRINCIPAL ACTIVITIES INCLUDING DETAILS AND DESCRIPTION OF EACH TASK AND ACTIVITY AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION, HOURLY RATE FOR EACH PROFESSIONAL WITHIN EACH ACTIVITY AND NAME AND POSITION OF EACH PROFESSIONAL
### *[Local Rules 5082-1(B)(1)(b) and (d)]*

From October 15, 2013 to November 7, 2013, the Debtor has incurred $22,604.00[1] in fees at G&C's customary hourly fee rates, as is more fully set forth in Exhibit A.

---

1 Exclusive of fees incurred in preparation of this fee petition in the amount of $960.00.

4

The billing rates for each attorney and paraprofessional are identified in Exhibit A and in section V.E. below.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

**1.   *ADMINISTRATION***

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor, such as communications with the Debtor regarding the Debtor's operations, amending schedules, reviewing court proceedings, reviewing monthly operating reports and other court filings, responding to inquiries from creditors, communicating with the United States Trustee's office regarding issues related to the case and monitoring the Debtor's operations. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor operating smoothly during the attempted reorganization process and assuring its compliance with the administrative requirements of a Chapter 11 debtor. The remainder of the services was of non-economic benefit to the Debtor by promoting the bankruptcy process and the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 8.10 | 480.00 | 3,888.00 |
| Barbara L. Yong (BLY) | Partner | 1.00 | 480.00 | 480.00 |
| Barbara L. Yong (BLY) | Partner | 2.60 | 400.00 | 1,040.00 |
| Anthony J. D'Agostino (AJD) | Associate | 6.60 | 200.00 | 1,320.00 |
| | | 18.30 | | $6,728.00 |

**2.    AUTOMATIC STAY**

The activities in the automatic stay category related to dealing with threats from the Nevada Department of Employment and payments claimed due. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in that the services addressed a priority claim that threatened to affect the Debtor's business. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
| --- | --- | --- | --- | --- |
| Barbara L. Yong (BLY) | Partner | .50 | 400.00 | $200.00 |

**3.    CLAIMS**

G&C attorneys advised Debtor's management team regarding tax claims arising from the various states the Debtor had done business. G&C attorneys also negotiated with and responded to multiple actions taken by Debtor's former labor supplier, landlords, unions and unsecured creditors. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in that the claimants' issues were addressed in such a fashion that they did not interfere with Debtor's ongoing operations. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 7.70 | 480.00 | 3,696.00 |
| Barbara L. Yong (BLY) | Partner | 1.00 | 480.00 | 480.00 |
| Barbara L. Yong (BLY) | Partner | 11.40 | 400.00 | 4,560.00 |
| Caren A. Lederer (CAL) | Partner | 1.00 | 400.00 | 400.00 |
| Nancy Franks-Straus (NFS) | Associate | .20 | 300.00 | 60.00 |
| | | 21.30 | | $9,196.00 |

**4.   *EXECUTORY CONTRACTS***

G&C reviewed Debtor's executory contracts and multiple non-residential leases of real property to determine the appropriateness of assumption or rejection. Counsel responded to labor supplier's motion to terminate an alleged executory contract. The services had both an economic and a non-economic benefit to the estate. The services had an economic benefit because the evaluation to determine whether to assume the contracts preserved valuable going concern assets of the Debtor. The services had a non-economic benefit by promoting the smooth administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Barbara L. Yong (BLY) | Partner | 1.00 | 480.00 | 480.00 |
| Barbara L. Yong (BLY) | Partner | 2.70 | 400.00 | 1,080.00 |
| Anthony J. D'Agostino (AJD) | Associate | 0.80 | 200.00 | 160.00 |
| | | 4.50 | | $1,720.00 |

7

**5. *FINANCING***

G&C negotiated with Debtor's secured creditor to obtain their cooperation in the use of cash collateral. These services benefited the estate on an economic basis by supporting Debtor's operations while it worked to attempt to restructure its business. These services benefitted the estate on a non-economic basis by protecting the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | .50 | 480.00 | 240.00 |
| Barbara L. Yong (BLY) | Partner | .80 | 400.00 | 320.00 |
| | | 1.30 | | $560.00 |

**6. *OBJECTIONS TO CLAIMS***

G&C reviewed claims filed by claimants and reviewed and approved for filing of objection to certain claims based upon preferential transfers and credits. The time entry scheduled related to claims asserting security interests. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in commencing the process of identifying claims that were not valid. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Beverly A. Berneman (BAB) | Partner | .20 | 400.00 | $80.00 |

8

**7.    PLAN**

G&C attorneys reviewed Debtor's financial information for the Plan. A liquidation analysis and pro forma were being drafted and reviewed and were being made ready for approval by the Debtor's management team. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in commencing to propose a restructuring of Debtor's obligations so that it could continue to operate and remain current with its ongoing obligation and propose a proportionate payment plan for its pre-petition creditors. The services had a non-economic benefit by promoting the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Position | Hours | Hourly Rate | Amount |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 1.50 | 480.00 | 720.00 |
| Barbara L. Yong (BLY) | Partner | 7.90 | 400.00 | 3,160.00 |
|  |  | 9.40 |  | $3,880.00 |

**8.    PREFERENCE LITIGATION**

G&C attorneys investigated payments made to creditors in the 90 days before filing of the voluntary petition and identified transfers that were subject to avoidance. The time entries in this category related to negotiations between the Debtor and Carpet Cushions. The benefits of these services to the Debtor and its estate were both economic and non-economic. The services had an economic benefit in that it attempted to recover revenue on behalf of the Debtor. The services had a non-economic benefit by promoting the restructuring process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | .50 | 480.00 | $240.00 |

### D. NARRATIVE SUMMARY
### STATEMENT OF TIME AND TOTAL COMPENSATION SOUGHT IN THE APPLICATION FOR PREPARATION OF CURRENT OR PRIOR APPLICATION FOR COMPENSATION
*[Local Rules 5082-1(B)(1)(c)]*

G&C requests reimbursement for the preparation of this Final Fee Petition. G&C has constructed this detailed analysis of the fee petition as an aid to the Court and the creditors in determining the reasonableness of the fees requested. Counsel reviewed the fee entries and conducted a "business judgment" audit to insure that the fees requested were reasonable and necessary to the administration of the estate.

An itemized breakdown of the time expended in preparing this Final Fee Petition is attached hereto as Exhibit B. A general breakdown is as follows:

| **Attorney** | **Position** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 2.00 | 480.00 | $960.00 |

### E. NARRATIVE SUMMARY
### HOURLY RATE FOR EACH PROFESSIONAL FOR WHOM COMPENSATION IS REQUESTED AND TOTAL NUMBER OF HOURS EXPENDED BY EACH PERSON AND TOTAL COMPENSATION SOUGHT FOR EACH
*[Local Rules 5082-1(B)(1)(d)]*

The summary of each professional and the compensation appears in the Detailed Statements of Services which were attached as Exhibits A and B to the final fee petition. The summary is as follows:

| Name (Initials) | Position | Hours | Rates | Total |
|---|---|---|---|---|
| Robert R. Benjamin (RRB) | Partner | 20.30 | 480.00 | 9,744.00 |
| Beverly A. Berneman (BAB) | Partner | .20 | 400.00 | 80.00 |
| Barbara L. Yong (BLY) | Partner | 3.00 | 480.00 | 1,440.00 |
| Barbara L. Yong (BLY) | Partner | 25.90 | 400.00 | 10,360.00 |
| Caren A. Lederer (CAL) | Partner | 1.00 | 400.00 | 400.00 |
| Anthony J. D'Agostino (AJD) | Associate | 7.40 | 200.00 | 1,480.00 |
| Nancy Franks-Straus (NFS) | Associate | .20 | 300.00 | 60.00 |
| **TOTAL** | | **58.00** | | **$23,564.00** |

### F. NARRATIVE SUMMARY
### STATEMENT OF COMPENSATION PREVIOUSLY SOUGHT AND ALLOWED
### AND PAYMENTS RECEIVED BY COUNSEL TO DATE
### *[Local Rules 5082-1(B)(1)(f)]*

This is applicant's final fee petition. G&C had previously sought compensation and reimbursement of costs with its Interim Fee Petition. An Order was entered November 21, 2013 approving interim fees and reimbursement of expenses. Pursuant to said order, G&C has received $29,125.00 towards the interim award of $89,517.24.

Additionally, G&C is holding no retainer at this time. G&C has received no other funds post-petition from the Debtor or any other source.

### G. NARRATIVE SUMMARY
### TOTAL AMOUNT OF EXPENSES FOR WHICH REIMBURSEMENT
### IS SOUGHT
### *[Local Rules 5082-1(B)(1)(g)]*

G&C seeks reimbursement for out of pocket expenses in the amount of $49.92 consisting of FedEx charges.

### H. NARRATIVE SUMMARY
### STATEMENT AS TO WHETHER THE REQUESTED FEES AND EXPENSES ARE SOUGHT TO BE ALLOWED OR BOTH ALLOWED AND PAID
*[Local Rules 5082-1(B)]*

Counsel requests that the fees and expenses sought herein be allowed and paid.

### VI. CERTIFICATION

G&C certifies that it has hereby served a copy of the chronological itemization of services rendered to the Debtor. To date, G&C has not received an objection to the fees.

### VII. THE VALUE OF THE SERVICES FOR WHICH COMPENSATION IS SOUGHT AND PRESERVATION OF THE RETAINER

Section 330(a) of the Bankruptcy Code provides:

(a)    After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney:

(1)    reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a cases under this title; and

(2)    reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

12

The representation of the Debtor adequately corresponds with the time and labor expended by G&C. The various issues involved required experienced bankruptcy counsel. G&C attorneys have over one hundred (100) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, G&C was precluded from accepting cases requiring extensive representation during the initial phase of this case. Considering the results obtained by G&C the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VIII. OBJECTIONS

Any objections this fee application should be submitted in writing filed with this Court and delivered to counsel for the Debtor (address below) on or before January 28, 2014.

## IX. CONCLUSION

WHEREFORE, GOLAN & CHRISTIE LLP requests that this court enter an Order:

A.   Determining that the legal services and fees incurred in this and prior fee petitions were necessary and reasonable;

B.   Allowing final compensation as counsel for the Debtor in the amount of $22,604.00 for fees incurred from October 15, 2013 to November 7, 2013 plus the costs of preparing this fee petition in the amount of $960.00 for a total of $23,564.00;

C.   Allowing reimbursement of out of pocket expenses in the amount of $49.92; and

13

    D.    Granting such other and further relief as this Court may deem just and proper.

                          GOLAN & CHRISTIE LLP

                          By: /s/*Robert R. Benjamin*
                               Robert R. Benjamin

Robert R. Benjamin (ARDC # 0170429)
Beverly A. Berneman (ARDC # 6189418)
Barbara L. Yong (ARDC # 6184000)
Caren A. Lederer (ARDC # 6244631)
Anthony J. D'Agostino (ARDC # 6299589)
GOLAN & CHRISTIE LLP
70 W. Madison, Ste. 1500
Chicago, IL  60602
(312) 263-2300